The opinion of the court was delivered by
Manning, C. J.
This suit was instituted for the purpose of recover *329 ing payment for square block pavement’ in front of the property of Jennings in this city. A judgment was rendered by default, and was confirmed, and an appeal by petition was taken therefrom, which was heard in 1873. In January of that year, the defendant executrix, appearing for the first time, filed in this court the plea or objection that she had never been cited in this case at any time, or in any manner ; and if this should be overruled, she then pleaded prescription.
The court said, " these pleas are inconsistent. Pleading prescription is an appearance. The plea of prescription seems to be well founded, but as it was filed for the first time in this court, and the plaintiff requesting it, the ease will be remanded for the purpose of allowing plaintiffs to prove an interruption.” Opinion Book.
When the trial came on again in the lower court, the defendant made an exception of defective citation, or rather no citation, and another of no plaintiff, Nicholson being dead when the suit was filed, whereupon the plaintiff moved to strike out both exceptions, for the reason that the case was remanded for one purpose alone, viz, to try the plea of prescription. The lower court struck out the pica touching citation, and refused to strike out the other, and testimony having been heard thereon, it was proved that Nicholson was dead before the suit began. This plea was sustained, and the suit was dismissed. The plaintiff then asked leave of the court to offer proof shewing the interruption of prescription, but the defendant objected that the case was closed, and judgment entered, and so it was. An appeal was taken, and is now before us.
The defendant had never been cited. A careless clerk had issued the citation, without filling the blank where the name or other designation of the defendant should be, and afterwards some one attempted to supply the omission, but did it so clumsily that it was detected. We are inclined to think that the expression — the two pleas of defective citation and prescription are inconsistent — is not what was really meant, but rather that by pleading prescription as a defence, the party waived his right of exception of ^o citation. But the correctness of that decision is not before us. We may observe however, that there seems to be no good reason why the defendant should not have excepted for want of citation, and reserving the exception, in case it be overruled, have pleaded prescription, and this was what he did.
The judgment we have to review is one of dismissal because of the death of one of the plaintiffs before the institution of the suit. A judgment cannot be rendered in favor of a deceased person, nor against Mm. If either the plaintiff or the defendant had died after the institution of suit, of course it could have been revived in the name of or against his representative. The plaintiff’s counsel, we presume, does *330 not controvert this position, but he insists that nothing could be inquired into under the order remanding the case, except the particular matter, for the ascertainment of which, it was remanded. To which we answei’, that inquiry touching the fact whether there is any plaintiff at all, is always permissible. After an appeal is lodged in this court, a suggestion of the death of one of the parties to a suit always provokes an order staying the hearing until a representative of the deceased has come in, or been brought in, in his stead. When therefore an exception was filed in the second trial below of the death of the plaintiff, anterior to the institution of the suit, it was properly considered, and being sustained by proof, a dismissal necessarily followed.
The plaintiff cites State ex rel. Livingston v. Graham, 25 Annual, 629, as authority for his view of the restricted scope of the lower court’s inquiry under the order to remand. An examination of that case shews that that point was not ruled on.
The judgment is affirmed.